By the Court.—Curtis, Ch. J.
The defendant having appeared, pursuant to the order for his exami *12 nation in proceedings supplementary to execution, and having been examined thereunder, is not in a position to-justify himself when proceeded against for contempt in violating the order of the court restraining him in the-mean time from transferring or disposing of his property, by setting up informalities in the affidavit as an excuse for violating the order, or to claim that the-jurisdiction to which he has submitted can be avoided by such informalities.
The orders of the court should be respected and obeyed by its officers. The excuse so often urged of ignorance that the act complained of was a violation, of the order, is not presented by the defendant. No-reason is apparent for questioning the discretion of the judge, in imposing the fine of $250 upon the defendant, and adjudicating him guilty of contempt.
The plaintiffs, however, insist that the judge erred in not imposing a fine upon the defendant for the-amount of their loss. He justly considered that the-execution of the second chattel mortgage, and the bill of sale, was in violation of the order of the court. He-also held that the facts showed that the misconduct of the defendant in these respects did not of itself produce an actual injury to the plaintiffs, and that whatever prejudice accrued to them, arose out of their own dealings with the defendant, and out of a waiver of some of their rights subsequent to the commission of the contempt.
After a levy had been made under the plaintiffs* execution, upon property in the defendant’s house, and while it was there held in the possession of the sheriff, the plaintiffs released the latter from all responsibility in allowing the property levied upon to remain in the defendant’s house, and in withdrawing any keeper therefrom.
After the property levied upon had been thus withdrawn from the possession and custody of the sheriff, *13 by this release on the part of the plaintiffs, one Brown, having chattel mortgages on the property, finding no keeper in charge, took possession of the property under -.a chattel mortgage executed before the levy,and assigned his mortgages, and transferred the possession of the property to a Mrs. Perry. The defendant seems to have had no part in these acts of Brown, but to "have nought to dissuade him from taking possession of the property. If the plaintiffs had not requested the sheriff to permit the property to remain in defendant’s house, .and to withdraw any keeper in charge, and released the sheriff from responsibility for the safe keeping of the property, their levy would have been protected. The plaintiffs were prejudiced by their own acts and dealings with the defendant, and by their own waiver of rights. Their loss was not occasioned by the disobedience of the defendant to the order of the court.
The defendant was culpable, in executing the second chattel mortgage, the bill of sale and the lease; but these acts of his for which he is in contempt, and punished by a fine, are not the acts which caused the loss to the plaintiffs.
The orders appealed from, by the plaintiffs and defendant respectively, are affirmed with costs.
Van Vorst and Speir, JJ., concurred.